UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

        Plaintiff,                                                     Case Number 17-13305

v.                                                                          Honorable David M. Lawson

RACHEL ELENA MAURICIO,

        Defendant.

_____/

## OPINION AND ORDER DISMISSING CASE WITHOUT PREJUDICE

Plaintiff State Farm Mutual Automobile Insurance Company filed the present action seeking a declaratory judgment on whether it is obligated to defend Rachel Elena Mauricio in a lawsuit brought by individuals who are not parties to this case under a personal automobile insurance policy issued to Mauricio's mother, Carmen Orozco. The complaint states that those individuals filed an action against Mauricio and others in the Wayne County, Michigan circuit court to recover wrongful death damages and damages for injuries the individuals suffered as a result of being struck by a motor vehicle driven by Antonio Dwayne Foster, to whom Mauricio had entrusted her vehicle. This Court has discretion whether to exercise jurisdiction in declaratory judgment actions, and because all the pertinent factors relating to the exercise of that discretion were not addressed in the plaintiff's complaint, the Court ordered the plaintiff to show cause why the case should not be dismissed without prejudice.

State Farm responded to the show cause order. It argued that a declaratory judgment in the present lawsuit would not be inconsistent with any ruling issued by the state court because the issue of Mauricio's policy coverage is not before that court, and that this action would clarify the legal relationship between State Farm and its insured. State Farm contends that there is no evidence the

declaratory remedy is being used for procedural fencing, retaining jurisdiction would not increase friction between the state and federal courts, and there is no alternative remedy which is better or more effective.

The Court sees things differently, however, because the plaintiffs in the underlying litigation may be prejudiced by a factual determination in this case that limits State Farm's exposure in the event Mauricio is found liable. Because of the danger of inconsistent results, and because other factors favor the refusal of declaratory judgment jurisdiction, the Court will dismiss the case without prejudice.

I.

According to State Farm's complaint, the accident occurred on March 8, 2015. Antonio Dwayne Foster was driving Mauricio's 2015 Nissan Pathfinder when he failed to yield to oncoming traffic and collided with a vehicle occupied by Carnell Alexander, Jr. and Schaelin Marie Gibas. Alexander was killed, and Gibas sustained severe injuries. At the time of the accident, the Nissan Pathfinder was a leased, temporary substitute vehicle subject to a State Farm automobile policy issued to Mauricio's mother, Carmen Orozco. The ensuing wrongful death and negligence lawsuit named Mauricio as one of the defendants, alleging that she entrusted her vehicle to Foster, despite knowing that he was intoxicated, which proximately caused Alexander's death and Gibas' injuries. The state court suit also named as defendants Foster and Ean Holdings, LLC — the owner of the leased vehicle — seeking tort damages against them. The state court plaintiffs also named Allstate Property and Casualty Insurance as a defendant, seeking first-party no fault benefits against it.

In this case, State Farm asks this Court to absolve it of any obligation to indemnify or defend Mauricio because 1) the accident occurred after the policy was cancelled by State Farm, and 2) even

if the policy had not been cancelled, the 2015 Nissan Pathfinder is not a covered automobile as defined by the policy. The state court complaint noted that State Farm already has denied that coverage was in place at the time of the accident. In the event judgment is entered against Mauricio, whether Mauricio's vehicle was covered by the policy is an issue that must be addressed in both cases.

II.

Although the federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them," *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976), the exercise of jurisdiction under the Declaratory Judgment Act, 28 U.S.C. § 2201(a), is not mandatory, *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 494 (1942), and at times the better exercise of discretion favors abstention. "'By the Declaratory Judgment Act, Congress sought to place a remedial arrow in the district court's quiver; it created an opportunity, rather than a duty, to grant a new form of relief to qualifying litigants.'" *Scottsdale Ins. Co. v. Roumph*, 211 F.3d 964, 969 (6th Cir. 2000) (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995)). Abstaining from that opportunity generally "rest[s] on considerations of '[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'" *Colorado River*, 424 U.S. at 817 (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co.*, 342 U.S. 180, 183 (1952)). Declining jurisdiction is always a sensible option to consider in declaratory judgment actions seeking an opinion on insurance coverage that could impact litigation pending in another court, for although there is no *per se* rule prohibiting such actions in federal court, *see Allstate Ins. Co. v. Green*, 825 F.2d 1061, 1066 (6th Cir. 1987), "[s]uch actions . . . should normally be filed, if at all, in the court that has jurisdiction over the litigation which gives rise to the indemnity problem."

*Bituminous Cas. Corp. v. J & L Lumber Co., Inc.*, 373 F.3d 807, 812 (6th Cir. 2004) (quoting *Manley, Bennett, McDonald & Co. v. St. Paul Fire & Marine Ins. Co.*, 791 F.2d 460, 463 (6th Cir. 1986)). The Court has discretion to decline jurisdiction over a declaratory judgment action even where the parties are diverse and the amount in controversy meets the threshold. *Omaha Property and Cas. Ins. Co. v. Johnson*, 923 F.2d 446, 447 (6th Cir. 1991) ("We have repeatedly held in these insurance coverage diversity cases that the Declaratory Judgment Act grants the district courts a discretion to entertain such cases . . . .").

To assist district courts in determining whether to proceed with such actions, the Sixth Circuit in *Bituminous Casualty Corporation* cataloged five factors that it drew from its earlier precedents:

> (1) whether the judgment would settle the controversy;
> (2) whether the declaratory judgment action would serve a useful purpose in clarifying the legal relations at issue;
> (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata";
> (4) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction; and
> (5) whether there is an alternative remedy that is better or more effective.

*Id.* at 813 (quoting *Scottsdale Ins. Co.*, 211 F.3d at 968 (citations omitted)); *Grand Trunk W. R. Co. v. Consol. Rail Corp.*, 746 F.2d 323, 326 (6th Cir. 1984). Unless these factors weigh in favor of entertaining the action, the federal court should abstain. *Ibid.*

A. Settle the controversy

Sixth Circuit precedent on this factor is somewhat inconsistent. *Compare Travelers Indem. Co. v. Bowling Green Prof. Assoc., PLC*, 495 F.3d 266, 272 (6th Cir. 2007) ("The district court's decision could not settle the controversy in the underlying state court litigation; thus, the first factor favors the court not exercising jurisdiction.") *with Northland Ins. Co. v. Stewart Title Guar. Co.*, 327

F.3d 448, 454 (6th Cir. 2003) ("Considering the first and second factors, while the declaratory judgment would not end the dispute between Cailu and Stewart, it would settle the controversy regarding the scope of insurance coverage issued by Northland to Cailu, and whether Northland had a duty to defend the insureds."). Later, however, the Sixth Circuit reconciled those cases, reasoning that "the contrary results . . . might . . . be explained by their different factual scenarios." *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 555 (6th Cir. 2008). This factor may favor exercising jurisdiction when the plaintiff is not a party to the state litigation or there is a legal, and not a factual, dispute in federal court. *Id.* at 556.

The Court believes that this factor favors abstention here. A decision on the coverage question in this Court will not resolve the underlying dispute. Furthermore, in resolving this declaratory judgment action, the Court would be required to delve into factual issues that likely will be litigated in the state court action. The damaged claimants allege in their state court complaint that, "upon information and belief," Foster was driving a vehicle leased for Mauricio by State Farm as a temporary substitute vehicle since the vehicle insured under State Farm's policy had been stolen. The complaint also alleges that Mauricio exercised control over the vehicle as if it were her own. Those factual issues likely will have to be resolved in order for the state court proceeding to reach a final conclusion. And those same questions would need to be addressed in the present case before the Court could resolve the declaratory claims for or against State Farm. The Court believes it is likely that the coverage question cannot be resolved fully without investigating the underlying events and without a determination on whether Mauricio owned the vehicle. That factual dispute also must be resolved in the state court to determine Mauricio's liability. The possibility of inconsistent results is obvious.

Moreover, the damaged claimants have not been made parties to this case. Conventional principles of merger and bar would suggest that a person who is not a party to litigation cannot be bound by the judgment in that case. *See, e.g., Bankers Trust Co. v. Old Republic Ins. Co.*, 697 F. Supp. 1483, 1488 (N.D. Ill. 1988). However, under Michigan's rather unusual rules of collateral estoppel, an injured person who has knowledge of a declaratory judgment action against his tortfeasor but does not intervene nonetheless is bound by the judgment. *See Wilcox v. Sealey*, 132 Mich. App. 38, 346 N.W.2d 889 (1984). As a result, State Farm could obtain a determination that damages owed by Mauricio need not be paid by State Farm under a determination of facts made without any input from the damaged parties. The first *Bituminous* factor favors abstention.

### B. Clarifying the legal relations

The second factor "is closely related to the first factor and is often considered in connection with it." *Flowers*, 513 F.3d at 557. The relevant inquiry is whether the federal judgment will "resolve, once and finally, the question of the insurance indemnity obligation of the insurer." *Ibid.*; *see also Northland*, 327 F.3d at 454; *but see Travelers Indem.*, 495 F.3d at 272 (holding that the second factor favored abstention because "although a declaratory judgment would clarify the legal relationship between the insurer and the insured pursuant to the insurance contracts, the judgment would not clarify the legal relationship between the parties in the underlying state action." (alterations and quotations omitted)); *Bituminous Cas.*, 373 F.3d at 814.

A declaratory judgment would clarify the legal relationship between State Farm and Mauricio, but it would not clarify the legal relationship between Mauricio and the damaged claimants. The plaintiffs in the underlying lawsuit have alleged that Mauricio, despite knowing Foster was intoxicated, gave him permission to drive her leased vehicle. Answering the question

whether the 2015 Nissan Pathfinder was a covered vehicle under the policy will require the Court to address any factual dispute that may arise surrounding the vehicle's ownership at the time of the accident. Deciding the ownership issue in separate coverage litigation only would serve to muddy the legal relationships of the parties.

## C. Procedural fencing

The courts are "reluctant to impute an improper motive to a plaintiff where there is no evidence of such in the record." *Flowers*, 513 F.3d at 558. A plaintiff who files his declaratory judgment claim after the state proceeding has begun does not implicate the concerns of this rule. *See ibid.*; *Northland*, 327 F.3d at 454. There is no evidence that the plaintiff has acted improperly by choosing the present forum. The most that can be said is that State Farm preferred a federal court to a state court, where this action also could have been filed, and where the underlying tort action was pending when this lawsuit was commenced. There is nothing improper about that.

On the other hand, a judgment of no coverage in this case likely would bind the state court plaintiffs, who certainly would look otherwise to Mauricio's insurer to satisfy a judgment against her. Bringing a lawsuit in a court where the underlying tort case is *not* pending, without joining all the parties that may have an interest in the outcome, might be considered "procedural fencing." This factor, therefore, tends to favor abstention.

## D. Friction between federal and state courts

The fourth factor asks whether exercising jurisdiction would increase friction between federal and state courts. The Supreme Court has cautioned that "where another suit involving the same parties and presenting opportunity for ventilation of the same state law issues is pending in state court, a district court might be indulging in '[g]ratuitous interference,' if it permitted the federal

-7-

declaratory action to proceed." *Wilton*, 515 U.S. at 283 (quoting *Brillhart*, 316 U.S. at 495). However, "the mere existence of a state court proceeding is not determinative of improper federal encroachment upon state jurisdiction." *Green*, 825 F.2d at 1067. Therefore, "'the propriety of declaratory relief in a particular case will depend upon a circumspect sense of its fitness informed by the teachings and experience concerning the functions and extent of federal judicial power.'" *Wilton*, 515 U.S. at 287 (quoting *Public Serv. Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 243 (1952)). The Sixth Circuit articulated three sub-factors to consider when determining whether the exercise of jurisdiction would increase friction between federal and state courts. *Bituminous*, 373 F.3d at 814-15 (citing *Scottsdale*, 211 F.3d at 968). First, if the action involves resolution of factual issues being considered by the state court, federal jurisdiction is disfavored. *Flowers*, 513 F.3d at 560. The second sub-factor favors abstention when issues of unsettled state law are implicated. *See Travelers*, 495 F.3d at 272. The third sub-factor favors abstention when, as is the case for insurance contracts, interpretation of law is intertwined with state policy. *Flowers*, 513 F.3d at 561. As the *Flowers* court explained:

> The liability issues being determined in the state court proceeding may well be legally, if not factually, distinct from the issues of policy interpretation which are central to the federal declaratory judgment action. However, sometimes resolution of the issue raised in federal court will require making factual findings that might conflict with similar findings made by the state court.

*Flowers*, 513 F.3d at 560. (internal citation and quotation marks omitted). When the latter is the case, the exercise of jurisdiction would be inappropriate. Such is the case here.

A declaratory judgment by this Court likely would determine an issue that the state court could decide differently in the underlying tort litigation. The complaint in the state tort case states a negligent entrustment claim against Mauricio. That claim turns, at least in part, on whether

-8-

Mauricio claimed ownership over the at-fault vehicle. If the Court were to exercise jurisdiction over this action, there would be a genuine risk that the factual findings and legal conclusions reached by this Court on that issue might conflict with those made by the state court. Therefore, the fourth *Grand Trunk* factor favors abstention.

### E. Alternative remedy

When state law provides an avenue for the resolution of insurance coverage, the fifth factor favors declining jurisdiction. *Flowers*, 513 F.3d at 562. Michigan allows insurers to bring declaratory judgment actions in state court. *See* Mich. Ct. R. 2.605; *see also Rose v. State Farm Mut. Auto. Ins. Co.*, 274 Mich. App. 291, 294, 732 N.W.2d 160, 162 (2006). Moreover, the question of coverage could be determined in the pending state court lawsuit by means of a garnishment action after a judgment in favor of the damaged claimants. *See, e.g.*, *Helder v. Sruba*, 462 Mich. 92, 611 N.W.2d 309 (2000). In such an action, State Farm could raise all the defenses to coverage it might raise here. *Id.* at 101–02, 611 N.W.2d at 315.

### III.

The Court believes that the *Grand Trunk* factors favor abstention. Following the direction of *Bituminous Casualty*, *Manley Bennett*, *Grand Trunk*, *Roumph*, and *Flowers*, the Court is constrained to dismiss the present action without prejudice.

Accordingly, it is **ORDERED** that the case is **DISMISSED WITHOUT PREJUDICE**.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated: January 2, 2018

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 2, 2018.

                                    s/Susan Pinkowski
                                    SUSAN PINKOWSKI